UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRANSAMERICA LIFE INSURANCE COMPANY** | **CIVIL ACTION NO. 14-2738** |
| **VERSUS** | **SECTION "R"** |
| **PEGGY CARSKADON BAGALA, DENA L. BAGALA, DARLENE L. BAGALA, DAWN A. BAGALA, BUDDY J. BAGALA** | **MAGISTRATE "3"** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ANSWER AND CLAIM OF DEFENDANT,
PEGGY CARSKADON BAGALA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**NOW INTO COURT**, through undersigned counsel, comes Defendant and Claimant, Peggy Carskadon Bagala (hereinafter referred to as "Defendant"), who in answer to the Complaint of Transamerica Life Insurance Company (hereinafter referred to as "Transamerica"), respectfully avers as follows:

1.

The allegations of paragraph 1 of the Complaint are admitted.

2.

The allegations of paragraph 2 of the Complaint are admitted.

3.

The allegations of paragraph 3 of the Complaint are admitted.

4.

The allegations of paragraph 4 of the Complaint are admitted.

5.

The allegations of paragraph 5 of the Complaint are admitted.

6.

The allegations of paragraph 6 of the Complaint are admitted.

7.

The allegations of paragraph 7 of the Complaint are admitted.

8.

The allegations of paragraph 8 of the Complaint are admitted.

9.

The allegations of paragraph 9 of the Complaint are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of paragraph 10 of the Complaint are denied.  Defendant, Peggy Carskadon Bagala, affirmatively pleads that she is a Co-Owner of the annuity because she signed the application in the "Exhibit 1" document as a Co-Owner along with her spouse, Shelby J. Bagala (See "Exhibit 1" at Bates No. TRAN 000038), and the funds used to purchase said annuity were part of the community of acquets and gains then existing between Peggy Carskadon Bagala and Shelby J. Bagala under Louisiana community property laws.

11.

The allegations of paragraph 11 of the Complaint are denied.  Defendant, Peggy Carskadon Bagala, affirmatively pleads that, as Shelby J. Bagala's surviving spouse, she is entitled to the entire contract proceeds because the stated beneficiary designation was in error and is contrary to the express terms of the annuity contract which provide that "only spouses may be co-owners", that "the

2

beneficiary of the co-owner spouses must be the surviving spouse", and that "co-owners are deemed to be joint tenants with right of survivorship unless they indicate otherwise". (See "Exhibit 1" at Bates No. TRAN 000010).

12.

The allegations of paragraph 12 of the Complaint are admitted.

13.

The allegations of paragraph 13 of the Complaint are denied. Defendant, Peggy Carskadon Bagala, affirmatively pleads that she signed the annuity contract as a Co-Owner and that the contract expressly provides that "only spouses may be co-owners", that "the beneficiary of the co-owner spouses must be the surviving spouse", and that "co-owners are deemed to be joint tenants with right of survivorship unless they indicate otherwise". (See "Exhibit 1" at Bates No. TRAN 000010).

14.

The allegations of paragraph 14 of the Complaint are admitted. Defendant, Peggy Carskadon Bagala, further affirmatively pleads that she was a "co-purchaser" of the annuity contract because said purchase was made with community funds owned by she and her husband, and that she is therefore also a Co-Owner of the annuity.

15.

The allegations of paragraph 15 of the Complaint are admitted.

16.

The allegations of paragraph 16 of the Complaint are denied for lack of sufficient information to justify a belief therein.

17.

The allegations of paragraph 17 of the Complaint are admitted.

18.

The allegations of paragraph 18 of the Complaint are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of paragraph 19 of the Complaint are admitted.

20.

The allegations of paragraph 20 of the Complaint are admitted.

21.

The allegations of paragraph 21 of the Complaint are admitted.

22.

The allegations of paragraph 22 of the Complaint require no answer.

23.

The allegations of paragraph 23 of the Complaint call for a legal conclusion and therefore require no answer.

24.

The allegations of paragraph 24 of the Complaint are admitted.

25.

The allegations of paragraph 25 of the Complaint are admitted.

26.

The allegations of paragraph 26 of the Complaint are admitted.

27.

The allegations of paragraph 27 of the Complaint are admitted.

28.

The allegations of paragraph 28 of the Complaint require no answer.

29.

The allegations of paragraph 29 of the Complaint are admitted.

**AND NOW,** further answering Transamerica's Complaint, and setting forth the formal claim of Defendant, Peggy Carskadon Bagala, in this matter, said Defendant respectfully avers as follows:

30.

Defendant, Peggy Carskadon Bagala, was married to Shelby J. Bagala on May 3, 1959.

31.

Defendant, Peggy Carskadon Bagala, is the surviving spouse of Shelby J. Bagala, who died on January 18, 2014.

32.

The funds expended to purchase each and every investment at issue in this matter were at all pertinent times part of the community of acquets and gains formerly existing between Defendant, Peggy Carskadon Bagala, and her husband, Shelby J. Bagala, under Louisiana community property laws.

33.

Defendant, Peggy Carskadon Bagala, affirmatively pleads that she is a Co-Owner of the annuity because she signed the application in the "Exhibit 1" document as a Co-Owner along with her spouse, Shelby J. Bagala (See "Exhibit 1" at Bates No. TRAN 000038), and the funds used to purchase said annuity were part of the community of acquets and gains then existing between Peggy Carskadon Bagala and Shelby J. Bagala under Louisiana community property laws.

34.

Defendant, Peggy Carskadon Bagala, affirmatively pleads that, as Shelby J. Bagala's surviving spouse, she is entitled to the entire contract proceeds because the stated beneficiary designation was in error and is contrary to the express terms of the annuity contract which provide that "only spouses may be co-owners", that "the beneficiary of the co-owner spouses must be the surviving spouse", and that "co-owners are deemed to be joint tenants with right of survivorship unless they indicate otherwise". (See "Exhibit 1" at Bates No. TRAN 000010).

35.

Defendant, Peggy Carskadon Bagala, further affirmatively pleads that she was a "co-purchaser" of the annuity contract because said purchase was made with community funds owned by she and her husband, and that she is therefore also a Co-Owner of the annuity.

36.

Defendant, Peggy Carskadon Bagala, further re-avers and reiterates her answers to paragraphs 1 through 29 of Transamerica's Complaint as if repeated herein in their entirety.

**WHEREFORE** Defendant and Claimant, Peggy Carskadon Bagala, respectfully prays:

A. That after all legal delays and due proceedings are had, there be judgment rendered in favor of Defendant and Claimant, Peggy Carskadon Bagala, and against all other parties and claimants, decreeing that said Defendant and Claimant's claim asserted herein be recognized, enforced, and executed against the annuity proceeds deposited into the registry of this honorable Court, in preference and priority over all other claims herein, and for all costs of these proceedings; and

B. For all such additional relief as law, equity, or the nature of the case may permit.

        Respectfully Submitted By:

        **LEE A. CALLAIS**
        **A PROFESSIONAL LAW CORPORATION**

        */s/ Lee A. Callais*
        LEE A. CALLAIS
        LA. BAR ROLL NUMBER:  22014
        11872 HIGHWAY 308
        POST OFFICE BOX 1575
        LAROSE, LOUISIANA  70373
        TELEPHONE:  (985) 693-8877
        FACSIMILE:  (985) 693-8033
        E-MAIL:  LACALLAIS@VISCOM.NET
        ATTORNEY FOR DEFENDANT
        AND CLAIMANT,
        PEGGY CARSKADON BAGALA

## **CERTIFICATE OF SERVICE**

I do hereby certify that on December 9, 2014, I electronically filed the foregoing pleading with the Clerk of this Court by using the CM/ECF system which will send a notice of electronic filing to the following persons:

    Simeon B. Reimonenq, Jr., Esq.

I further certify that copies of the foregoing pleading have been served upon the following persons by placing same in the United States Mail, postage prepaid and properly addressed, on December 9, 2014:

    Simeon B. Reimonenq, Jr., Esq.
    Dena L. Bagala
    Darlene L. Bagala
    Dawn A. Bagala
    Buddy J. Bagala

        */s/ Lee A. Callais*
        LEE A. CALLAIS, ATTORNEY