## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

**TRANSAMERICA LIFE**                    CIVIL ACTION NO. 14-2738
**INSURANCE COMPANY**

**VERSUS**                                     SECTION "R"

**PEGGY CARSKADON BAGALA,**                    MAGISTRATE "3"
**DENA L. BAGALA,**
DARLENE L. BAGALA,
DAWN A. BAGALA,
BUDDY J. BAGALA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ANSWER AND CLAIM OF DEFENDANT,
BUDDY J. BAGALA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOW INTO COURT, through undersigned counsel, comes Defendant and Claimant,

Buddy J. Bagala (hereinafter referred to as "Defendant"), who in answer to the Complaint

of Transamerica Life Insurance Company (hereinafter referred to as "Transamerica"),

respectfully avers as follows:

## ANSWER

1.

The allegations of paragraph 1 of the Complaint are admitted.

2.

The allegations of paragraph 2 of the Complaint are admitted.

3.

The allegations of paragraph 3 of the Complaint are admitted.

4.

The allegations of paragraph 4 of the Complaint are admitted.

5.

The allegations of paragraph 5 of the Complaint are admitted.

6.

The allegations of paragraph 6 of the Complaint are admitted.

7.

The allegations of paragraph 7 of the Complaint are admitted.

8.

The allegations of paragraph 8 of the Complaint are admitted.

9.

The allegations of paragraph 9 of the Complaint are admitted.

10.

The allegations of paragraph 10 of the Complaint are admitted.

11.

The allegations of paragraph 11 of the Complaint are admitted.

12.

The allegations of paragraph 12 of the Complaint are admitted.

13.

The allegations of paragraph 13 of the Complaint are admitted.

14.

The allegations of paragraph 14 of the Complaint are admitted.

15.

The allegations of paragraph 15 of the Complaint are admitted.

16.

The allegations of paragraph 16 of the Complaint are admitted.

17.

The allegations of paragraph 17 of the Complaint are admitted.

18.

The allegations of paragraph 18 of the Complaint are denied for lack of sufficient

information to justify a belief therein.

19.

The allegations of paragraph 19 of the Complaint are admitted.

20.

The allegations of paragraph 20 of the Complaint are admitted.

21.

The allegations of paragraph 21 of the Complaint are admitted.

22.

The allegations of paragraph 22 of the Complaint require no response.

23.

The allegations of paragraph 23 of the Complaint require no response.

24.

The allegations of paragraph 24 of the Complaint are admitted.

25.

The allegations of paragraph 25 of the Complaint are admitted.

26.

The allegations of paragraph 26 of the Complaint are admitted.

27.

The allegations of paragraph 27 of the Complaint are admitted.

28.

The allegations of paragraph 28 of the Complaint require no response.

29.

The allegations of paragraph 29 of the Complaint are admitted.

## CLAIM OF DEFENDANT

AND NOW, further answering Transamerica's Complaint, and setting forth the formal claim of Defendant, Buddy J. Bagala, in this matter, said Defendant respectfully avers as follows:

30.

Defendant, Buddy J. Bagala, was son of Shelby J. Bagala, who passed on January 18, 2014.

31.

Shelby J. Bagala executed a 1035 Exchange whereby replaced five (5) fixed annuities (xxxxx8473, xxxxx4861, xxxxx4859, xxxxx9267 & xxxxx6445) with a single fixed Non-Qualified Tax Deferred Annuity Policy bearing number xxxxxx4643.

32.

Defendant and his three siblings were named as primary beneficiaries on said policy with each beneficiary entitled to 25% of the policy proceeds upon the death of Shelby J. Bagala.

WHEREFORE Defendant and Claimant, Buddy J. Bagala, respectfully prays:

A. That after all legal delays and due proceedings are had, there be judgment rendered in favor of Defendant and Claimant, Buddy J. Bagala, and against all other parties and claimants, decreeing that said Defendant and Claimant's claim asserted herein be recognized, enforced, and executed against the annuity proceeds deposited into the registry of this Honorable Court, in preference and priority over all claims herein, and for all costs of these proceedings; and

B. For all such additional relief as law, equity, or the nature of the case may permit.

Respectfully Submitted By:

LEO M. PRANGE, III   (#22138)
Attorney At Law
917 N. Causeway Boulevard
Metairie, LA 70001
Telephone:(504) 835-7833
Telecopier:(504) 309-2054
Email: prangelaw@gmail.com
Counsel for Buddy J. Bagala

## CERTIFICATE OF SERVICE

I, do hereby certify that on this __28TH__ day of January, 2015, I electronically filed the foregoing pleading with the Clerk of this Court by using the CM/ECF system which will send a notice of electronic filing to the following persons:

None.

I further certify that copies of the foregoing pleading have been served upon the following persons by placing same in the United States Mail, postage prepaid and properly addressed, on the __28TH__ day of January, 2015:

Simeon B. Reimoneq, Jr., Esq.,
Lee A. Callais, Esq.,
Dena L. Bagala,
Darlene L. Bagala, and
Dawn N. Bagala.

LEO M. PRANGE, III   (#22138)