# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY | * * | Civil Action No. 14-cv-2738 |
| | * | Section: R |
| Plaintiff, | * * | Magistrate: 3 |
| v. | * * | Judge: Sarah S. Vance |
| PEGGY CARSKADON BAGALA, ET AL. | * * | Magistrate: Daniel E. Knowles, III |
| Defendants | * | |

## DEFENDANTS DENA BAGALA HEBERT AND DARLENE HARGREAVES' ANSWER TO COMPLAINT

Defendants Dena Bagala Hebert (formerly Dena L. Bagala, referred to herein as "Dena") and Darlene Hargreaves (formerly Darlene L. Bagala, referred to herein as "Darlene") respectfully submit this answer to the Complaint for Declaratory Relief and/or in the Alternative for Interpleader filed by Plaintiff, Transamerica Life Insurance Company.

### Answer

Responding to the allegations within Transamerica's Complaint, Dena and Darlene respectfully aver as follows:

1.

The allegations within Paragraph 1 of the Complaint are admitted.

2.

The allegations within Paragraph 2 of the Complaint are admitted.

3.

The allegations within Paragraph 3 of the Complaint are admitted.

4.

The allegations within Paragraph 4 of the Complaint are admitted.

5.

The allegations within Paragraph 5 of the Complaint are admitted.

6.

The allegations within Paragraph 6 of the Complaint are admitted.

7.

The allegations within Paragraph 7 of the Complaint are admitted.

8.

The allegations within Paragraph 8 of the Complaint are legal conclusions that do not require a response from Dena and Darlene. To the extent a response may be required, Dena and Darlene deny the allegations for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

9.

The allegations within Paragraph 9 of the Complaint are admitted.

10.

The allegations within Paragraph 10 of the Complaint are admitted.

11.

The allegations within Paragraph 11 of the Complaint are admitted.

12.

The allegations within Paragraph 12 of the Complaint are admitted.

13.

The allegations within Paragraph 13 of the Complaint are admitted.

14.

The allegations within Paragraph 14 of the Complaint are admitted.

15.

The allegations within Paragraph 15 of the Complaint are admitted.

16.

The allegations within Paragraph 16 of the Complaint are admitted.

17.

Dena and Darlene lack knowledge or information sufficient to form a belief about the truth of the allegations within Paragraph 17 of the Complaint. Further responding, Dena and Darlene submit that the document referenced speaks for itself.

18.

Dena and Darlene lack knowledge or information sufficient to form a belief about the truth of the allegations within Paragraph 18 of the Complaint.

19.

The allegations within Paragraph 19 of the Complaint do not require a response from Dena and Darlene. To the extent a response may be required, the allegations within Paragraph 19 are admitted.

20.

The allegations within Paragraph 20 are admitted.

21.

Dena and Darlene lack knowledge or information sufficient to form a belief about the truth of the allegations within Paragraph 21 of the Complaint.

22.

In response to the allegations within Paragraph 22 of the Complaint, which merely incorporate the allegations contained in Paragraphs 1 through 21 of the Complaint, Dena and Darlene incorporate and reassert their responses to Paragraphs 1 through 21 of the Complaint as if set forth fully herein.

23.

The allegations within Paragraph 23 of the Complaint are legal conclusions that do not require a response from Dena and Darlene. To the extent a response may be required, the allegations within Paragraph 23 are admitted.

24.

The allegations within Paragraph 24 of the Complaint are admitted.

25.

The allegations within Paragraph 25 of the Complaint contain legal conclusions that do not require a response from Dena and Darlene. To the extent a response may be required, the allegations within Paragraph 25 are admitted.

26.

The allegations within Paragraph 26 of the Complaint contain legal conclusions that do not require a response from Dena and Darlene. To the extent a response may be required, the allegations within Paragraph 26 are admitted.

27.

The allegations within Paragraph 27 of the Complaint are admitted.

28.

In response to the allegations within Paragraph 28 of the Complaint, which merely incorporate the allegations contained in Paragraphs 1 through 27 of the Complaint, Dena and Darlene incorporate and reassert their responses to Paragraphs 1 through 27 of the Complaint as if set forth fully herein.

29.

Dena and Darlene admit that Transamerica owes distribution of the death benefit proceeds. The remaining allegations within Paragraph 29 constitute legal conclusions or otherwise do not require a response from Dena and Darlene.

**Dena and Darlene's Claim to Death Benefit Proceeds**

**AND NOW**, further responding and setting forth the claims of Dena Bagala Hebert and Darlene Hargreaves to the death benefit proceeds at issue, Dena and Darlene respectfully allege as follows:

30.

Defendant Dena Bagala Hebert (formerly Dena L. Bagala) is a surviving daughter of Shelby Bagala.

31.

Defendant Darlene Hargreaves (formerly Darlene L. Bagala) is a surviving daughter of Shelby Bagala.

32.

After Shelby Bagala's death, Dena and Darlene were contacted by Transamerica Life Insurance Company. Transamerica notified Dena and Darlene that they were primary beneficiaries of an annuity owned by Shelby Bagala (the "Annuity").

33.

Shelby Bagala is the sole owner of the Annuity. The Annuity does not identify any co-owners.

34.

Dena and Darlene are primary beneficiaries of the Annuity. Dena and Darlene are each entitled to 25% of any death benefit proceeds payable upon Shelby Bagala's death under the Annuity.

35.

Shelby Bagala passed away in January of 2014. Thus, Dena and Darlene are collectively entitled to 50% of all death benefit proceeds payable upon Shelby Bagala's death under the Annuity.

36.

Dena and Darlene further incorporate their responses to Paragraphs 1 through 29 of the Complaint as if set forth fully herein.

WHEREFORE, Dena Bagala Hebert and Darlene Hargreaves respectfully pray that, after due proceedings, judgment be rendered in favor of them and against all other parties and claimants, as follows:

1. Finding that Dena Bagala Hebert and Darlene Hargreaves are primary beneficiaries under the Annuity;
2. Awarding 25% of all death benefit proceeds payable upon Shelby Bagala's death under the Annuity to Dena Bagala Hebert;

3. Awarding 25% of all death benefit proceeds payable upon Shelby Bagala's death under the Annuity to Darlene Hargreaves; and
4. Awarding Dena Bagala Hebert and Darlene Hargreaves all other general and equitable relief to which they may be justly entitled.

Respectfully submitted,

**KELLY HART & PITRE**

By: /s/ *Jane A. Jackson*
**Loulan J. Pitre, Jr. T.A. (#17749)**
**Jane A. Jackson (#33197)**
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Fax: (504) 522-1813
loulan.pitre@kellyhart.com
jane.jackson@kellyhart.com

**Attorneys for Defendants Dena Bagala Hebert and Darlene Hargreaves**

## CERTIFICATE OF SERVICE

I hereby certify that, on this 28th day of January, 2015, a copy of the foregoing Answer to Complaint was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties or their counsel of record by operation of the court's electronic filing system or via U.S. mail, facsimile, email, and/or Federal Express.

/s/ *Jane A. Jackson*