UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| TRANSAMERICA LIFE INSURANCE COMPANY, *et al.*, | * | CIVIL ACTION NO. 14-2738 |
|---|---|---|
| Plaintiffs, | * | |
| | * | SECTION R, DIVISION 3 |
| VERSUS | * | |
| | * | JUDGE SARAH S. VANCE |
| PEGGY CARSKADON BAGALA, *et al.*, | * | |
| | * | MAGISTRATE JUDGE DANIEL E. KNOWLES, III |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT-CLAIMANT PEGGY BAGALA'S REPLY IN SUPPORT OF HER CORRECTED MOTION FOR RELIEF FROM JUDGMENT

COMES NOW, Defendant-Claimant Peggy Carskadon Bagala ("Mrs. Bagala"), and in accordance with this Court's order of February 25, 2016, R. Doc. 82, files this reply to the Bagala Daughters' Memorandum in Opposition to Corrected Motion for Relief from Judgment, R. Doc. 83.[1]

### I. ARGUMENT

This case has, at all times, proceeded as an interpleader suit, *i.e.*, "an equitable action available to a plaintiff-stakeholder who is, or may be, exposed to multiple liability or multiple litigation [because] two or more claims are brought [by defendant-claimants] that are mutually inconsistent." *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 631 (5th Cir. 2002). To invoke the Court's equitable authority to decide interpleader suits, Transamerica Advisors Life Insurance Company ("Transamerica")—the plaintiff-stakeholder in this action—was required to proceed down either of two paths: (1) 28 U.S.C. § 1335 ("statutory interpleader"), which requires

---

[1] As referenced in the Bagala Daughters' Memorandum in Opposition to Corrected Motion for Relief from Judgment *and* herein, the "Bagala Daughters" are Defendants-Claimants Dawn A. Bagala, Darlene Hargreaves, and Dena Hebert.

1

*at least one* defendant-claimant to be of diverse citizenship from the other defendant-claimant(s); *or* (2) Federal Rule of Civil Procedure 22 ("rule interpleader"), which requires that the action *independently satisfies* a separate jurisdictional mandate, such as diversity jurisdiction under 28 U.S.C. § 1332.

Two fundamental flaws plague this case; combined these flaws divested the Court of jurisdiction to decide this interpleader suit, and render void the Court's final judgment of December 29, 2015 ("December 29 Judgment). First, Mrs. Bagala, Buddy Bagala, and the Bagala Daughters—the adverse claimants to the death benefit proceeds at issue—are *all* Louisiana residents. Thus minimal diversity required to satisfy statutory interpleader is not met. Second, prior to its dismissal from the case, Transamerica—the plaintiff-stakeholder—failed whatsoever to invoke the Court's equitable authority pursuant to rule interpleader. Thus, upon Transamerica's dismissal, complete diversity among the parties was destroyed, and without an equitably expanded jurisdictional mandate, the Court lacked authority to proceed to judgment.

Because the face of the pleadings make clear that the Court lacked jurisdiction to decide this interpleader suit under *either* statutory interpleader *or* rule interpleader, the Court's December 29 Judgment is void. Accordingly, Ms. Bagala's motion for relief from judgment, R. Doc. 76, must be granted, and this matter must be dismissed for lack of subject matter jurisdiction.

### A. The Bagala Daughters do not dispute that the Court lacked jurisdiction to decide their claims under the interpleader statute, 28 U.S.C. § 1335.

In its Complaint, Transamerica invoked statutory interpleader as the sole basis for proceeding as an interpleader suit. R. Doc. 1 at ¶¶ 28-29; *see generally id.* Statutory interpleader requires, at minimum, "[t]wo or more adverse claimants, *of diverse citizenship*." 28 U.S.C. § 1335(a)(1) (emphasis added). When, as here, the adverse claimants to the proceeds at issue are

2

*all* Louisiana citizens, statutory interpleader quite clearly cannot be the basis of the Court's jurisdiction. *Compare Travelers Ins. Co. v. Harville*, 622 F. Supp. 68, 69 (S.D. Ala. 1985) ("As both claimants are citizens of Alabama, there is plainly no diversity of citizenship as defined in section 1332 of Title 28. This Court is therefore without jurisdiction under section 1335 of Title 28."), *with Lexington Ins. Co. v. Guidos*, No. 11-644, 2011 WL 3819664, at *1 (E.D. La. Aug. 29, 2011) (Vance, J.) ("Since the case involves both a Louisiana claimant and a claimant from another state, the Court has jurisdiction pursuant to [28 U.S.C.] § 1335."). Indeed, the Bagala Daughters concede as much in their opposition to Mrs. Bagala's motion for relief from judgment, insisting that "plaintiff Transamerica Advisors Life Insurance Company did *not* plead [statutory interpleader jurisdiction]." *See* R. Doc. 83 at p. 1 (emphasis in original).

Because the claimants to the proceeds at issue are all citizens of Louisiana, statutory interpleader cannot provide the basis of the Court's jurisdiction over this dispute.

> **B. Because Transamerica failed to invoke rule interpleader as the basis for its action, subject matter jurisdiction was destroyed upon Transamerica's dismissal from the case.**

In their opposition to Mrs. Bagala's motion to vacate, the Bagala Daughters attempt to clarify—for the first time, by *any* party to this case—that this action proceeded as a rule interpleader suit, and *not* a statutory interpleader suit (as stated in Transamerica's Complaint). *See* R. Doc. 1 at ¶¶ 28-29. Of course, it is axiomatic that the *plaintiff*, not the defendant, "is master of [the] complaint." *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008). Thus it is for *Transamerica*, and *not* the Bagala Daughters, to clarify what it meant by its invocation of "28 U.S.C. § 1335" as the sole basis for the Court's equitable authority to judge interpleader actions. The same holds true even when, as here, the plaintiff's pleading decision divests the Court of jurisdiction over the action. *Cf. Gasch v. Hartford Acc. & Indem. Co.*, 491

3

F.3d 278, 284 (5th Cir. 2007) ("More importantly, of course, is the truism that subject matter jurisdiction cannot be conferred by consent, agreement, or other conduct of the parties." (quotation marks omitted)).

But even assuming that the Bagala Daughters *may* speak on Transamerica's behalf for purposes of clarifying the basis of the Court's jurisdiction, and further, that it may be inferred from Transamerica's Complaint that Transamerica intended to proceed exclusively "based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1)," *see* R. Doc. 83 at pp. 7–8, the Bagala Daughters' argument still fails. This is because in order to obtain the benefit of rule interpleader—which does *not* confer an independent basis for federal subject matter jurisdiction, but merely provides a limited exception in equity to the general rule that the basis of a court's jurisdiction must be firmly established and maintained "throughout a proceeding," *United States v. Muhammad*, 165 F.3d 327, 330 (5th Cir. 1999); *see Humble Oil & Ref. Co. v. Copeland*, 398 F.2d 364, 368 (4th Cir. 1968) ("Interpleader is based upon in *personam jurisdiction* which extends only to the funds deposited in court."); *see also Bricks Unlimited, Inc. v. Agee*, 672 F.2d 1255, 1261 (5th Cir. 1982) ("In determining the order of distribution of the interpleaded funds, we sit as a court of equity, and possess the remedial flexibility of a chancellor in shaping our decree so as to do complete equity between the parties.")—rule interpleader must be *invoked*. *See United States v. High Tech. Products, Inc.*, 497 F.3d 637, 641 (6th Cir. 2007) ("An interpleader action typically proceeds in two stages. During the first stage, the court determines whether the stakeholder has *properly invoked interpleader*, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader. During the second stage, the court determines the respective rights of the claimants to the fund or property at stake via normal

4

litigation processes, including pleading, discovery, motions, and trial." (emphasis added; citations omitted)); *see also Connecticut Gen. Life Insur. Co. v. Wermelinger*, 114 F.3d 1181 (5th Cir. 1997) ("Connecticut General *invoked* Fed. R. Civ. P. 22 and filed an interpleader action *as well as* a claim for declaratory relief[.]" (emphasis added)); *Perkins State Bank v. Connolly*, 632 F.2d 1306, 1311 (5th Cir. 1980) ("An interpleader action may also be brought under Fed. R. Civ. P. 22. But 'rule interpleader' may only be *invoked* where all jurisdictional requisites otherwise are met; it is not dependent, therefore, on any special statutory grant of jurisdiction or venue." (emphasis added)).

No such invocation of rule interpleader occurred here, either before or after Transamerica was dismissed. Thus, while the requirements of 28 U.S.C. § 1332(a) were certainly met at the outset of this action—because Transamerica (an Iowa citizen) sued Mrs. Bagala and the Bagala Children (*all* Louisiana citizens), seeking a declaration of "the rights and/or other legal relations of" *all* parties (*including* Transamerica) "to the ownership and/or proceeds of the Policy," *see* R. Doc. ¶¶ 24–27—complete diversity was destroyed, and federal jurisdiction *lost*, when Transamerica sought *and* obtained its own dismissal *without* having previously invoked Fed. R. Civ. P. 22. *Cf. Standard Oil Co. of Tex. v. Marshall*, 265 F.2d 46, 56 (5th Cir. 1959) ("Where federal jurisdiction rests on diversity of citizenship the diversity must be complete, and to see whether it is, all parties will be aligned as plaintiffs or defendants according to their real interests[.]"). Put differently, because Transamerica never properly invoked the Court's equitable authority to expand its traditional jurisdictional rules, the Court was stripped of its jurisdiction when Transamerica exited the case, and the Court was obligated as a matter of law to dismiss the matter.

Because Transamerica failed to properly invoke the Court's equitable authority prior to

5

exiting this dispute, the Court's jurisdiction was lost when it dismissed Transamerica, leaving behind only non-diverse claimants. Rule interpleader cannot now provide a *post hoc* basis for the Court's jurisdiction.

### C. Jurisdictional challenges can be raised at any time.

Finally the Bagala Daughters insist that Mrs. Bagala waived her right to make her jurisdictional challenge because she "clearly had a full and fair opportunity to contest jurisdiction and did not do so." R. Doc. 83 at p. 17 (quotation marks omitted). This argument unfairly elides the circumstances surrounding the Court's entry of the December 29 Judgment because the record clearly show that Mrs. Bagala's former counsel fell short of his professional and ethical responsibilities by, among other things, failing to contest the Bagala Daughters' motion for summary judgment. In any event, this position is incorrect as a matter of law when, as here, the jurisdictional error was obvious from the face of the pleadings. *See Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003).

## II. CONCLUSION

**WHEREFORE,** Mrs. Bagala respectfully reiterates her request that the Court vacate the judgment entered on December 29, 2015. R. Doc. 64. Mrs. Bagala further requests that the Court dismiss this action for lack of subject matter jurisdiction.

Dated: March 1, 2016

New Orleans, Louisiana  Respectfully Submitted,

   */s/ James R. Swanson*
James R. Swanson, La. Bar Roll No. 18455
Jesse C. Stewart, La. Bar Roll No. 36282
**Fishman Haygood, L.L.P.**
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Telephone: (504) 586-5252
Facsimile: (504) 586-5250

Email: jswanson@fishmanhaygood.com

*Attorneys for Defendant-Claimant Peggy Carskadon Bagala*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this 1st day of March, 2016, served a copy of the foregoing upon all counsel of record by CM/ECF filing.

/s/ *James R. Swanson*

1016607v.1