UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO: 14-2738 |
| PEGGY CARSKADON BAGALA, ET AL. | SECTION: R |

## ORDER AND REASONS

Transamerica Life Insurance Company filed this interpleader action to determine the beneficiaries of an annuity contract. On December 29, 2015, the Court granted summary judgment in favor of defendants-in-interpleader and counter-claimants Dawn, Darlene, Dena, and Buddy Bagala (collectively, the "Bagala children").[1] Defendant-in-interpleader and counter-claimant Peggy Bagala now moves under Federal Rule of Civil Procedure 60(b)(4) to vacate the Court's order as void for lack of jurisdiction.[2] For the following reasons, the Court denies the motion.

## I. BACKGROUND

[1] R. Doc. 63.

[2] R. Doc. 76.

This case involves an annuity contract issued by Merrill Lynch Life Insurance Company, a predecessor in interest of Transamerica, to Shelby Bagala.[3]  Upon Mr. Bagala's death in January 2014, Shelby Bagala's widow, Peggy Bagala, and the four Bagala children asserted competing claims to the annuity contract proceeds.  In response, Transamerica filed this interpleader lawsuit, requesting that this Court issue a judgment declaring the rights of each of the parties and determine the proper distribution of the annuity proceeds.  In its complaint, Transamerica alleged that jurisdiction was proper under the diversity statute, 28 U.S.C. § 1332(a)(1).[4]  In the heading for the second cause of action, titled "Interpleader," the complaint also cited the interpleader statute, 28 U.S.C. § 1335, which grants federal jurisdiction over interpleader actions in which there is minimal diversity among the claimants and the amount in controversy is at least $500.[5]

After filing its complaint, Transamerica deposited the disputed proceeds with the registry of the court.  Transamerica then moved the Court for dismissal, arguing that it was a mere stakeholder with no interest in the

---

[3] Unless otherwise noted, the Court draws these facts from its earlier summary judgment order, R. Doc. 63.

[4] R. Doc. at 1 ¶ 1.

[5] *Id.* at 6.

proceeds.  The Court granted the motion and dismissed Transamerica as a party.  Later, the four Bagala children moved for summary judgment seeking to be declared the rightful beneficiaries under the plain terms of Shelby Bagala's annuity contract.  Peggy Bagala did not oppose the motion.  The Court granted the Bagala children's motion for summary judgment and entered a judgment declaring Dawn, Darlene, Dena, and Buddy Bagala the four beneficiaries under the annuity contract.[6]

After failing to file a timely appeal of the Court's judgment, Peggy Bagala fired her attorney and obtained new representation.[7]  Through her new attorney, Peggy Bagala now moves to vacate the Court's judgment under Federal Rule of Civil Procedure 60(b)(4).[8]  Peggy Bagala argues that the Court's judgment was void for lack of jurisdiction because Transamerica's complaint did not satisfy the jurisdictional requirements of the interpleader statute.[9]  In her reply brief, Peggy Bagala argues for the first time that although the Court had diversity jurisdiction when this case was filed, jurisdiction was

---

[6] R. Doc. 64.

[7] R. Doc. 76-1 at 5.

[8] R. Doc. 76.

[9] R. Doc. 76-1 at 5-7.

3

destroyed when Transamerica was dismissed without having invoked the interpleader provisions of Federal Rule of Civil Procedure 22.[10]

## II.   LEGAL STANDARD

A district court has broad discretion to grant or deny a motion under Rule 60(b). *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998).  Under Rule 60(b), a court will grant relief from a final judgment or order only upon a showing of one of:

>    (1) mistake, inadvertence, surprise, or excusable neglect;
>
>    (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
>    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
>    (4) the judgment is void;
>
>    (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
>    (6) any other reason justifying relief from the operation of judgment.

Fed. R. Civ. P. 60(b).

---

[10] R. Doc. 84 at 4-6.

Peggy Bagala argues that the Court's judgment should be set aside under Rule 60(b)(4). Although this rule permits a district court to relieve a party from a final judgment if the judgment was "void," the interests of finality dictate that "the concept of void judgment must be narrowly restricted." *In re Ziebarth*, 51 F.3d 1044 (5th Cir. 1995) (quoting *United States v. 119.67 Acres of Land, Etc.*, 663 F.2d 1328, 1331 (5th Cir. 1981)). The Court may therefore set aside a judgment under Rule 60(b)(4) if it lacks subject matter jurisdiction. *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003); *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987). But "because federal courts regulate the scope of their own jurisdiction, a Rule 60(b)(4) challenge to jurisdiction should be sustained only where there is a 'clear usurpation of power' or 'total want of jurisdiction.'" *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003).

## III.   DISCUSSION

Peggy Bagala argues that the Court's order granting summary judgment in favor of the Bagala children must be vacated because the Court lacks subject matter jurisdiction. As an initial matter, Peggy Bagala's motion fails to establish that she is entitled to her requested relief. Rule 60(b)(4) challenges to a court's jurisdiction are disfavored. *See Callon*, 351 F.3d at 208 (holding

that courts should not sustain a Rule 60(b)(4) challenge to jurisdiction unless there is a "clear usurpation of power" or "total want of jurisdiction").  As the Fifth Circuit holds, "a district court's exercise of subject-matter jurisdiction, even if erroneous, is res judicata and is not subject to collateral attack through Rule 60(b)(4) if the party seeking to void the judgment had the opportunity previously to challenge jurisdiction and failed to do so."  *In re Bell Family Trust*, 575 F. App'x 229, 233 (5th Cir. 2014); *see also Brown v. Illinois Cent. R. Co.*, 480 F. App'x 753, 754 (5th Cir. 2010) (same).

Here, Transamerica filed its interpleader complaint in December 2014.[11] The Court did not enter its final judgment until December 29, 2015, giving Peggy Bagala ample opportunity to challenge the Court's subject matter jurisdiction.  Nonetheless, Peggy Bagala waited until three months after the Court's final judgment before raising her jurisdictional arguments for the first time Rule 60(b)(4) motion.  Peggy Bagala attempts to explain this delay by arguing that her former counsel's performance took a "turn" for the worse "in late 2015," causing him to miss a deadline for filing an opposition to the Bagala children's motion for summary judgment.  But even if errors or inadvertence of counsel could, under certain circumstances, prevent a litigant from

---

[11] R. Doc. 22 at 1; R. Doc. 61 at 1.

challenging jurisdiction,[12] Peggy Bagala does not explain how her attorney's "turn" at a late stage of *this case* prevented her from litigating jurisdictional issues earlier in the proceedings.  *Cf. Bell*, 575 Fed. App'x at 223 (finding Rule 60(b)(4) relief unwarranted when movant argued that she only recently realized a jurisdictional defect in the trial court's earlier order).  Having failed to raise her jurisdictional arguments in a timely manner, Peggy Bagala cannot reopen the issue at this late stage under Rule 60(b)(4).  *See Picco v. Glob. Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990) (barring a Rule 60(b)(4) challenge to jurisdiction because the challenging party had notice of the order in question and opportunity to challenge jurisdiction on appeal, but did not do so).

Even setting aside Peggy Bagala's dilatoriness, her jurisdictional arguments lack merit.  Peggy Bagala contends that federal jurisdiction over Transamerica's suit arises under the interpleader statute, 28 U.S.C. § 1335.  Peggy Bagala argues that because the interpleader statute's minimum diversity requirement is not satisfied, the Court's summary judgment is void for lack of jurisdiction.

---

[12] Peggy Bagala cites no case, Fifth Circuit or otherwise, for this proposition.

This argument ignores that there are two types of interpleader actions: statutory interpleader under 28 U.S.C. § 1335 and rule interpleader under Federal Rule of Civil Procedure 22. *Auto Parts Mfg. Mississippi, Inc. v. King Const. of Houston, L.L.C.*, 782 F.3d 186, 192 (5th Cir. 2015). Although these actions are substantively the same, they differ in their jurisdictional requirements. *Id.* (citing 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1703 (3d ed.)). The interpleader statute grants federal jurisdiction over an interpleader action if there is minimal diversity among the claimants--that is, two or more adverse claimants have diverse citizenship--and the amount in controversy is at least $500. 28 U.S.C. § 1335(a); *Auto Parts*, 782 F.3d at 192. By contrast, Rule 22 does not confer subject matter jurisdiction; it is merely a procedural device for bringing interpleader claims that fall within one of the general statutory grants of federal jurisdiction. *Selective Ins. Co. of Am. v. Norris*, 209 F. Supp. 2d 580, 582 (E.D.N.C. 2002). This includes the diversity statute, which confers federal jurisdiction over all cases in which there is complete diversity and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Thus, a federal court has subject matter jurisdiction over an Rule 22 interpleader action when there is "(1) complete diversity of citizenship, which is met when the stakeholder is diverse from all the claimants, even if citizenship of the

claimants is not diverse; and (2) an amount-in-controversy that exceeds $75,000 exclusive of interest and costs." *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 635 n. 46 (5th Cir. 2002).

Here, while minimum diversity among the claimants is lacking, Transamerica's interpleader suit satisfies the diversity statute. The amount in controversy exceeds $75,000. And there is complete diversity because the stakeholder, Transamerica, is an Iowa corporation with its principal place of business in Iowa, and each claimant is a citizen of Louisiana. Thus, the Court had jurisdiction to determine the proper distribution of the annuity contract proceeds. *See Travelers Ins. Co. v. First Nat. Bank of Shreveport*, 675 F.2d 633, 637 (5th Cir. 1982) (holding district court had jurisdiction over rule interpleader action brought by an insurer to determine ownership of life insurance policy proceeds when the insurer was diverse from every claimant, even though the claimants were all citizens of the same state). And because Transamerica's suit met the requirements for rule interpleader under Rule 22, the Court did not lose jurisdiction when Transamerica was discharged from this litigation, leaving only the non-diverse potential claimants to the disputed proceeds. *See Standard Ins. Co. v. Nelson*, No. C07-0140RSM, 2007 WL 1453099, at *1 (W.D. Wash. May 17, 2007) ("Federal courts maintain subject matter jurisdiction over rule interpleader actions even when the diverse

stakeholder is dismissed, leaving co-citizen claimants to litigate the outcome of the stake in controversy." (citing 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1710 (3d ed.)).[13]

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES Peggy Bagala's motion for relief from judgment.

New Orleans, Louisiana, this  6th  day of June, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[13] To resist this conclusion, Peggy Bagala argues that Transamerica's suit cannot be maintained as a rule interpleader suit because Transamerica did not affirmatively "invoke" Federal Rule of Civil Procedure 22 prior to obtaining its dismissal from this case.  The Court will not consider this argument because Peggy Bagala raised it for the first time in her reply brief.  *Cf. United States v. Myers*, 772 F.3d 213, 218 (5th Cir. 2014).

10